James McCarthy *v.* The Pennsylvania Land and Improvement Company, Limited, Appellant.   Robert M. Linhart *v.* Same.

*Road law—Unauthorized improvement of streets by lot owners.*

The control of streets or roads and the grades and changes made thereon are not to be determined by the abutting owners but are by statute placed under the control of the local municipal authorities.   It follows that an abutting owner has no right to take possession of a public road or street and change its grade without authority from the body having it under statutory control and when such action is taken a right of action enures to other abutting owners.

Argued April 13, 1897.   Appeals, Nos. 60 and 61, April Term, 1897, by defendant, from judgments of C. P. No. 1, Allegheny Co., Dec. T., 1893, Nos. 1009 and 1010, on verdicts for plaintiffs.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.   Affirmed.

Trespass for obstructing public road.   Before STOWE, P. J.

The two above-mentioned cases were tried together in the court below and disposed of in one opinion in the Superior Court.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for James McCarthy for $652.   Verdict and judgment for Robert M. Linhart for $493.75.   Defendant appealed.

642       McCARTHY v. PA. L. & I. CO.

Assignment of Errors—Opinion of the Court.   [5 Pa. Superior Ct.

*Errors assigned* were (1) To a portion of the charge, to wit: " The defendants in this case had no right to put this obstruction or embankment upon the road where they placed it." (2) To a portion of the charge, to wit: " In each of these cases we instruct you, as matter of law, that this obstruction put upon this highway was an obstruction that the parties had no right to put there, and that therefore whether they did any actual wrong to the plaintiff or not, the parties are at least entitled to six cents damages which would carry costs, simply because their right of way has been infringed upon, and it is no reply to say they did not do you any harm." (3) To the refusal of defendant's point: " That the defendant company has the owner of property abutting on the street in the rear of the plaintiff's property had the right to make a level roadway in said street, along the middle line thereof or between the middle line of the street and their own property, as of the natural level of said street, and that so far as the plaintiff's claim in this case is based on a change of the grade of said street, the defendant can be held responsible only for any elevation of the road made by them above the level of the natural grade of the middle line of said street."

*R. E. Stewart*, for appellant.

*L. K. Porter*, with him *S. G. Porter* and *John S. Robb*, for appellee.—" If an individual, whether the adjoining owner or not, and whether the fee in the public way is in himself or in the public, does any act which renders the use of a street hazardous or less secure than it was left by the proper public authority, he commits a nuisance : " Cooley on Torts (2d ed.,) p. 748.

OPINION BY ORLADY, J., July 23, 1897 :

These two causes were tried before the same jury, and a joint appeal was taken by the defendant, a limited partnership association, organized under the laws of the commonwealth of Pennsylvania, and the owner of a body of land in part on a street in the rear of appellee's property. The lot of James McCarthy being fifty feet by one hundred feet and that of Linhart being twenty-three feet by one hundred feet, adjoin each other, and abut in

the rear on a street thirty-three feet wide. The conformation of the ground is such that the plaintiffs' lots are sixteen feet higher at the rear than at the front, while the elevation becomes somewhat steeper immediately in the rear of these properties.

The thirty-three foot street in the rear of these properties, had formerly been an old township road, in use for many years prior to the time of subdividing the property into building lots by appellant, and was adopted as a street in the plan of lots laid out by the improvement company. Prior to the purchase of its property, the public road was the only way of getting to and from the stables in the rear of the lots abutting it.

The natural surface of this street was such that the lower side thereof could be traveled over by wheeled vehicles for a short distance immediately in the rear of plaintiffs' properties, but the middle and upper side of the street were too steep to be so used, and in order to make a practicable roadway along the upper side of the street to give access to defendant's property fronting thereon, the defendant widened the street (old road) by adding thereto a strip seven feet wide, taken from the defendant's ground and excavated and filled out a level roadbed, on its own side of the street about twelve feet wide of the elevation of the natural surface of the ground at the middle line of the original street, opposite the McCarthy and Linhart lots ;— but making somewhat more of a grade on the former than on the latter. The effect of this change of the grade and the work incident to it, was to change the natural grade between the middle line of the street and the McCarthy and Linhart lots, by making it much steeper and diverting the natural course of surface water, so as to discharge it on the plaintiffs' lots, and to cause damages to the buildings thereon. Some precautions were taken by the defendant company to prevent this, but in view of the finding of the jury they were not effectual, and these actions were brought to recover the damages caused thereby.

The first assignment of error, taken from the charge of the court: "The defendants in this case had no right to put this obstruction or embankment upon the road where they placed it," is a detached part of the paragraph, to complete which the court added, "they had an equal right to the passage over that road with the plaintiffs, but no better right. Neither party had a right to obstruct it or interfere with it in any way, so as to in-

terfere with the general use of the road by the other." This cannot be seriously urged as erroneous, since the only right of defendants to the street, was one in common with all others; they could not change without municipal authority, the natural grades immediately in their front for the sole benefit of their properties and improve the owners of the McCarthy and Linhart lots out of their possession, which is practically the effect of their work as done on the highway.

The second assignment of error is from the charge of the court, viz : " In each of these cases we instruct you, as a matter of law, that this obstruction put upon this highway was an obstruction that the parties had no right to put there, and that therefore, whether they did any actual wrong to the plaintiffs or not the parties are at least entitled to six cents damages which would carry costs, simply because their right of way has been infringed upon and it is no reply to say that they did not do you any harm." The evidence clearly shows that access to the buildings on the rear of these two lots was rendered much more difficult and inconvenient by the unauthorized change of the grade by the defendant company ; it was an element of damage to be considered, and with the other evidence was properly submitted to the jury. In addition to the invasion of the public right there was in this case direct damage done to the individual lot owners, and the defendant company only justifies the act under its claim of improvement of its own properties on the opposite side of the street.

The third assignment is to the refusal of the court below to affirm a point submitted by the defendant, viz : " That the defendant company as owner of property abutting on the street in the rear of the plaintiffs' property had the right to make a level roadway in said street, along the middle line thereof or between the middle line of the street and their own property as of the natural level of said street and that so far as the plaintiffs' claim in this case is based on the change of the grade of said street, the defendant can be held responsible only for any elevation of the road made by them above the level of the natural grade of the middle line of said street."    No authority is submitted in support of this proposition.    The control of the streets or roads, and the grades and changes made thereon are not to be determined by the abutting owners, but are by statute placed under the control of the local municipal authorities ; and the defend-

ant company had no right to take possession of a public road or street and change its grade without authority from the body having it under statutory control.

The assignments of error are each overruled and the judgments are affirmed.

Reargument in the case was applied for and refused November 8, 1897, in the following opinion:

PER CURIAM:

On the argument of this case, and in appellee's paper-book, the street in the rear of the plaintiff's property was referred to as having been an old township road which was subsequently adopted as a street by the plan of the defendant company. The alleged incorrect description by name does not affect the conclusion reached in the opinion, since the right of the defendant to change the slope and grade of Hill street—its adopted boundary—is guarded by the same limitations as if it had been a township road. The plan of lots shows Hill street thirty-three feet wide in the character of a common boundary to the properties, and is mentioned in the plaintiff's statement, in the testimony and the charge of the court as a public road, street or highway. The rule for reargument is discharged.